UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANE E. LEIPER,

       Plaintiff,                       Case No. 2:05-cv-464
                                             JUDGE GREGORY L. FROST
    v.                                     Magistrate Judge Mark R. Abel

SLOTER CONCRETE,

       Defendant.

**OPINION AND ORDER**

This matter is before the Court for consideration of a motion for summary judgment filed by Defendant, Sloter Concrete. (Doc. # 48.) For the reasons that follow, the Court **GRANTS** the motion.

**I. Background**

Beginning in September 1999, Plaintiff, Jane Leiper, worked for Defendant, Sloter Concrete, in a Dispatching Order Entry position. In this position, Plaintiff assisted the company dispatchers and performed various clerical tasks. In late 2003, however, Defendant eliminated Plaintiff's job and began looking for a full-time dispatcher, a more complicated job performing substantively different functions than the Dispatching Order Entry position. Plaintiff was fifty-one years old at the time of her permanent layoff. Defendant eventually hired a younger male to fill the newly created dispatcher position.

Plaintiff subsequently filed charges with the Ohio Civil Rights Commission on March 9, 2004, alleging wrongful discharge due to sex and age discrimination. (Doc. # 1, Ex. A.) On December 16, 2004, Plaintiff received a right to sue letter and, on May 11, 2005, Plaintiff filed the instant action. (Doc. # 1.)

Proceeding *pro se*, Plaintiff has neither separated her pleading into individual counts nor identified with specificity the specific statutory provisions under which she is proceeding. Her complaint states a claim for sex discrimination and a claim for age discrimination, however. Defendant moved for summary judgment on both counts (Doc. # 48), and Plaintiff failed to file a memorandum in opposition. The motion is now ripe for disposition.

## II.  Standard Involved

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id*. (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The judge is not to

"weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Campbell v. Hamilton Co., Ohio*, 23 Fed. Appx. 318, 323 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

### III.  Discussion

As noted, Plaintiff asserts a claim for sex discrimination, alleging that she was replaced by the male who filled the dispatcher position.  Such a claim falls under Title VII, which provides in pertinent part that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's ... sex."  42 U.S.C. § 2000e-2(a)(1).  Accordingly, Plaintiff must establish a *prima facie* case by demonstrating that "(1) she is a member of a protected class, (2) she was subjected to an adverse employment action, (3) she was qualified, and (4) she was treated differently than similarly-situated male ... employees for the same or similar conduct."  *Martin v. General Elec. Co.*, No. 05-3834, 2006 WL 1818081, at *5 (6th Cir. July 3, 2006).

Plaintiff also asserts a claim for age discrimination, pleading that Defendant laid her off and did not rehire her for the new position because she was 51 years old at the time.  After Plaintiff was laid off, Defendant hired the 40-year-old male for the new dispatcher position.  This claim falls under the Age Discrimination in Employment Act, which prohibits employers from discriminating "against any individual with respect to

3

[her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). To demonstrate all the elements of a *prima facie* case of age discrimination, Plaintiff must show that (1) she was a member of the protected class; (2) she was subjected to an adverse employment action; (3) she was qualified for the particular position; and (4) she was replaced by a person who is not a member of the protected class or that similarly situated non-protected employees were treated more favorably. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000); *Bush v. Dictaphone Corp.*, 161 F.3d 363, 368 (6th Cir. 1998).

There is no dispute over the first two elements of Plaintiff's claims. At the time that Plaintiff, a female, was laid off, she was 51 years old and thus a member of protected classes. 29 U.S.C. § 631(a); *Wilkins v. Eaton Corp.*, 790 F.2d 515, 521 (6th Cir. 1986) (recognizing 51-year-old plaintiff as member of protected class). Additionally, her permanent layoff and the failure to rehire qualify as adverse employment actions. There is also some potential support that Plaintiff could satisfy the remaining fourth element of her claims; for example, a discharged employee can satisfy the fourth element of an age-discrimination claim by showing that a younger employee took over her duties (even on only a temporary basis). *Schaller v. Donelson Air Conditioning Co.*, No. 3:04–0545, 2005 WL 1868769, at *9 (M.D. Tenn. Aug. 4, 2005) (citing *Erwin v. Potter*, 79 Fed. Appx. 893, 901 (6th Cir. 2003)).

There is no doubt, however, that Plaintiff has not satisfied the third element of her claims. Plaintiff has presented no evidence that she was qualified for the dispatcher position. In contrast, Defendant directs this Court to uncontroverted record evidence indicating that Plaintiff "was not capable of handling the more complex functions of [the

4

new position] and, therefore, was not given independent responsibility." (Doc. # 48, Ex. A, Sloter Aff., at 2 ¶ 12.)  Accordingly, Plaintiff has not established *prima facie* cases for her claims.

Even assuming *arguendo* that Plaintiff has presented *prima facie* cases of sex and age discrimination, she has still failed to persuade this Court that Defendant is not entitled to summary judgment.  After a plaintiff has established a *prima facie* case, the burden of production moves to the defendant to present a legitimate non-discriminatory reason why the plaintiff suffered the adverse employment action.  *See Hagan v. Warner/Elecktra/Atlantic Corp.*, 92 Fed. Appx. 264, 267 (6th Cir. 2004) (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992)); *Martin*, 2006 WL 1818081, at *5. After the defendant has met his burden of production, the plaintiff now has the burden to demonstrate that the reason offered by the defense was pretexual.  *Hagan*, 92 Fed. Appx. at 267; *Martin*, 2006 WL 1818081, at *5.  Here, Defendant asserts that Plaintiff lost her job because her position was eliminated and that she was not rehired because she was not able to handle dispatcher duties.  Eliminating an unnecessary position and declining to place a laid-off employee in a position for which she is not qualified are not impermissible actions on the part of an employer.  They are non-discriminatory reasons for employment actions.

In order to demonstrate that either reason is pretexual, Plaintiff must demonstrate that (1) the proffered reason had no basis in fact, (2) the proffered reason did not actually motivate the adverse employment decision, or (3) the proffered reason was insufficient to motivate the adverse employment action.  *Koval v. Dow Jones & Co.,* 86 Fed. Appx. 61, 66 (6th Cir. 2004) (citing *Manzer v. Diamond Shamrock Chems. Co.,* 29 F.3d 1078, 1084

(6th Cir.1994)). She "must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." *Manzer*, 29 F.3d at 1083. In this explanation the plaintiff offers evidence that "circumstantial evidence of discrimination makes it 'more likely than not' that the employer's explanation is a pretext, or coverup." *Id* at 1084.

In her deposition, Plaintiff reveals that she has no evidence of pretext:

> Q    Okay. So the only evidence that you have that you were allegedly discriminated against was the fact that you were permanently laid off?
> A    Right.
> Q    And you saw a –
> A    Male.
> Q    – younger male sitting in your chair in dispatching one day when you returned?
> A    Yes.
> Q    Okay.
> A    And I'm not employed there. That's also the evidence.
> Q    And that's it?
> A    That's it.

(Doc. # 50, Leiper Dep., at 76.) Such conclusory statements present no evidence of pretext pointing to a discriminatory animus on Defendant's part.

In summary, Plaintiff has failed to raise factual issues that Defendant did not eliminate her position for business reasons and that she was not qualified to fill the dispatcher position. She has failed to point to any evidence in her favor, and it is not the Court's function to scour the record in search of such evidence. *See InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989) ("A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.").

6

Defendant in turn has produced evidence supporting both that it eliminated Plaintiff's position for business reasons and that when the company created another full-time dispatching position in February 2004, it declined to recall Plaintiff for the job only because she did not have the skill or knowledge to perform the more difficult tasks of a full-time dispatcher.  The uncontroverted evidence thus indicates that Defendant eliminated Plaintiff's position when management determined that hiring another dispatcher would better meet the needs of the company, and that management had determined that Plaintiff was not capable of meeting the greater responsibilities of the new, non-equivalent position.  (Doc. # 48, Ex. A, Sloter Aff., at 2-3 ¶¶ 9-13, 18.)  On this record, no reasonable jury could find that Defendant discriminated against Plaintiff.  Defendant is therefore entitled to summary judgment on Plaintiff's claims of sex and age discrimination.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment.  (Doc. # 48.)  The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.

                         s/ Gregory L. Frost
                         GREGORY L. FROST
                         UNITED STATES DISTRICT JUDGE